UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>STEVEN JOSEPH BARES,<br><br>　　　　　　Defendant. | 4:22-CR-40090-KES-1<br><br>ORDER GRANTING MOTION<br>TO REDUCE SENTENCE |

　　Defendant, Steven Bares, filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 34. Plaintiff, the United States of America, agrees that Bares' motion should be granted. Docket 36. For the following reasons, the defendant's motion for a sentence reduction is granted.

## DISCUSSION

　　The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a ... resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

　　"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions ... to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been

applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.")

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

On January 18, 2023, the court sentenced Bares to a term of imprisonment at the bottom end of his original Guidelines range, to a term of 21 months' imprisonment. Docket 30. He now requests a sentence at the bottom end of the amended Guidelines range, to a term of 15 months' custody. Docket 34 at 1. Bares believes he qualifies under Amendment 821, Subpart 1 of Part B, which modified U.S.S.G. 4C1.1(a) to provide for a decrease of two offense levels for zero-point offenders.

2

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4C1.1. The amended provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

Consistent with the amended U.S.S.G. § 4C1.1, Bares appears to meet the criteria for such a reduction. The ten prohibitive factors listed in § 4C1.1(a) do not apply to the circumstances of Bares' case shown in his PSR. Docket 19. Therefore, Bares qualifies for a reduction under U.S.S.G. § 4C1.1(a). With that reduction, Bares' total offense level is reduced by two levels. His resultant offense level is 14. An offense level of 14, coupled with his Criminal History Category of I, result in a Guidelines custodial range of 15-21 months' custody. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Bares moves for a reduction in the term of imprisonment imposed based

3

on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). After considering such motion and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), the court grants the motion.

## CONCLUSION

Thus, it is ORDERED that the motion is GRANTED, and defendant's previously imposed sentence of imprisonment is reduced to all time served through February 11, 2024. The probation office is directed to prepare an amended judgment reflecting this change.

Dated January 26, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE